ANN FORD, as Administratrix of OWEN FORD, Deceased, Respondent, v. JEREMIAH C. LYONS, Appellant.

*Practice — the court cannot shorten the time within which an appellant may file and serve copies of the printed appeal papers — nor can it terminate a stay created by the giving of an undertaking as provided by section* 1352 *of the Code of Civil Procedure.*

On April 17, 1886, an order was made requiring the appellant to file with the clerk of the General Term, and to serve on the respondent's attorney, the copies of the printed case required by the rules on or before the 23d day of April, 1886, and providing that upon his failure so to do the stay created by the undertaking, given upon the appeal and duly approved and filed, should cease. The next term of the General Term of the First Department was appointed to be held on May 3, 1886.

*Held,* that the Special Term could not deprive the appellant of the right, conferred by General Rules Nos. 40 and 41, to serve his papers at any time before April twenty-fourth, that is eight days before the term, nor could it terminate the stay created by the giving of the undertaking.

Appeal from an order directing the appellant to print, file and serve the case on appeal from a judgment.

*Alexander Thain,* for the appellant.

*James P. Niemann,* for the respondent.

Churchill, J.:

The order appealed from, made April 17, 1886, required the appellant to file with the clerk of the General Term, and to serve on the respondent's attorney, the copies of the printed case required by the rules on or before the 23d day of April, 1886, and upon his failure so to do provided that the stay, created by the undertaking given upon the appeal and duly approved and filed, should cease. The next term of the General Term of the First Department was appointed for May 3, 1886. By Rules 40 and 41 the appellant had till April twenty-fourth, or eight days before the term, in which to file and serve the papers. The Special Term could not deprive the appellant of the right given him by the rules. (Code of Civ. Pro., § 17; *Battershall* v. *Davis,* 23 How., 383.)

Such shortening of the appellant's time was not necessary to protect the respondent, since if the former failed to serve the papers within the time required by the rules, the latter could move on

short notice to dismiss the appeal. (General Rule 41; 3d General Term Rules, First Dept., adopted Jan. 4, 1878.) The stay created by giving a proper undertaking on appeal to the General Term was given by the Code, and was beyond the power of the Special Term to terminate. (Code of Civ. Pro., § 1352.)

The order appealed from should be reversed, with usual costs and disbursements.

BRADY, P. J., and DANIELS, J., concurred

Order reversed, with ten dollars costs and disbursements.